GAIL WINKLER,               )
                          )
       Plaintiff,         )
                          )
    v.                 )      Case No. 4:18-CV-888-SPM
                          )
LABORATORY CORPORATION OF   )
AMERICA, et al.            )
                          )
      Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand this case to state court. (Doc. 12). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

On April 13, 2018, Plaintiff filed a Petition in the Circuit Court of St. Louis County, State of Missouri, asserting several counts of discrimination against her supervisor, Tiffany Larkin ("Defendant Larkin") and her employer, Laboratory Corporation of America ("Defendant LabCorp"), pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010, *et seq*. (the "MHRA"). Plaintiff is a citizen of Missouri, Defendant LabCorp is a citizen of Delaware and North Carolina, and Defendant Tiffany Larkin is a citizen of Missouri.

On June 7, 2018, Defendant LabCorp removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—(1) citizens of different states . . . .," and 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States . . . ." Section 1332(a) applies only when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). In its Notice of Removal, LabCorp acknowledged that both Plaintiff and Defendant Larkin are citizens of Missouri. However, Defendant LabCorp asserted that Defendant Larkin's citizenship should be disregarded for purposes of determining the diversity question, because Defendant Larkin was fraudulently joined in this lawsuit. Specifically, Defendant LabCorp asserted that under recent amendments to the MHRA, effective August 28, 2017, a plaintiff may no longer sue individual employees such as Defendant Larkin. Defendant LabCorp argued that because Plaintiff received her right-to-sue letter from the Missouri Commission on Human Rights on April 3, 2018, her cause of action accrued on that date. Defendant LabCorp argued that because the cause of action accrued after the effective date of the MHRA amendments, the amended version of the MHRA applies to Plaintiff's claims. *See Klotz v. St. Anthony's Med. Ctr.*, 311 S.W.3d 752, 759 (Mo. 2010) (applying the version of a law that was in effect at the time the cause of action accrued).

On July 9, 2018, Plaintiff filed the instant Motion to Remand. Plaintiff argues that Defendant Larkin was not fraudulently joined and that Plaintiff has a viable cause of action against Defendant Larkin, because the version of the MHRA that applies in this case is the pre-amendment version of the MHRA, which does permit actions against individual employees. Plaintiff argues that under Missouri law, a cause of action accrues when damages are "sustained and . . . capable of ascertainment." *Powel v. Chaminade College Preparatory, Inc.,* 197 S.W.3d 576 (Mo. 2006) (quoting Mo. Rev. Stat. § 516.100). Plaintiff argues that her cause of action accrued not when she received the right-to-sue letter, but she was terminated in June 2016. Because the pre-amendment version of the MHRA was in effect at that time, Plaintiff contends, she has a viable cause of action against Defendant Larkin. Plaintiff also attaches to her motion several orders in support of her

position. *See, e.g.*, Pl.'s Ex. 1, Doc. 13-1, *Pamela Marshall v. Walgreen Co., et al.*, No. 4:18-CV-331-CDP, Memorandum and Order, Doc. 33, at 3-7 (E.D. Mo. June 18, 2018) (holding that where discriminatory conduct occurred prior to the August 28, 2017 effective amendment date for the MHRA, but the right-to-sue letter was issued after the effective amendment date, the cause of action accrued when the discriminatory conduct occurred and thus the pre-amendment version of the MHRA applied). In addition to remand, Plaintiff sought an award of attorney's fees incurred in preparing the Motion to Remand.

On July 16, 2018, Defendants LabCorp and Larkin filed a response to Plaintiff's Motion to Remand. Defendants state that they do not oppose Plaintiff's request for remand. They also state that Plaintiff's counsel has agreed to withdraw her request for attorneys' fees related to the filing of the Motion to Remand.

Based on the reasons stated in Plaintiff's motion and Defendants' lack of opposition to that motion, the Court finds remand is appropriate. Accordingly,

**IT IS HEREBY ORDERED** that this case shall be **REMANDED** to the Circuit Court of St. Louis County, State of Missouri, from which it was removed. A separate order of remand shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Scheduling Conference currently set for August 2, 2018, at 11:00 a.m. is **CANCELLED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of August, 2018.